UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: MARY F. HAMILTON  CASE NO. 97-44181

MARY F. HAMILTON  PLAINTIFF

VERSUS  ADV. PROC. NO. 08-1201-DWH

GREEN TREE SERVICING, LLC  DEFENDANT

OPINION

On consideration before the court is a motion for summary judgment filed by the defendant, Green Tree Servicing, LLC, ("Green Tree"); a response to said motion having been filed by the plaintiff, Mary F. Hamilton, ("debtor"); and the court, having heard and considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (O).

II.

On April 13, 1989, the debtor entered into a loan transaction with Colonel Akin Mobile Homes of Tupelo, Inc., to purchase a mobile home. The loan was to be repaid in 360 monthly installments of $368.69, beginning May 25, 1989, including a fixed interest rate of 14.5%. The loan was secured by a deed of trust encumbering the debtor's residential real property.

The debtor filed a petition for relief pursuant to Chapter 13 of the Bankruptcy Code on August 28, 1997. Her Chapter 13 plan was confirmed by an order of this court on February 4, 1998.

The amended complaint filed by the debtor in this adversary proceeding contains allegations that sometime between 1990 and 1997, the loan was transferred either for servicing or by assignment to Greenpoint Credit, LLC, ("Greenpoint"). To the contrary, Green Tree contends in its motion for summary judgment that Greenpoint became the servicer of the loan on April 1, 2001. Green Tree was formed as a Delaware limited liability corporation on June 9, 2003, and the assets of Greenpoint were sold to Green Tree on October 7, 2004.

In her plan, the debtor provided for the cure of a pre-petition arrearage that had accrued on the loan and proposed to pay the regular monthly installments as they became due following confirmation. Green Tree's predecessor received notice of the debtor's bankruptcy petition and filed a proof of claim in the bankruptcy case.

In her amended complaint, the debtor alleges that her account was charged with improper, unauthorized, and unlawful fees and assessments which were not approved by the bankruptcy court. She contends that the defendant and/or its predecessor misapplied payments made by the trustee and inflated the total amount of interest charged to her account by assessing interest based on the date that payments were made by the trustee. She asserts that other unlawful activities were undertaken during the servicing of her loan including violations of the automatic stay.

III.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Phillips v. OKC Corp., 812 F.2d 265 (5th Cir. 1987); Putman v. Insurance Co. of North America, 673 F.Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29 265 (1986); Leonard v. Dixie Well Service & Supply, Inc., 828 F.2d 291 (5th Cir. 1987), Putman v. Insurance Co. of North America, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." Phillips, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." Phillips, 812 F.2d at 272.

The court notes that it has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact. Kunin v. Feofanov, 69 F.3d 59, 61 (5th Cir. 1995); Black v. J.I. Case Co., 22 F.3d 568, 572 (5th Cir. 1994); Veillon v. Exploration Services, Inc., 876 F.2d 1197, 1200 (5th Cir. 1989).

IV.

Green Tree responds that it was not the servicer of debtor's loan while she was in bankruptcy because it was not in existence as a corporation during that time. Consequently, Green Tree contends that it has no liability for any acts or omissions of the prior servicer of the debtor's loan. Green Tree acknowledges in its brief that Greenpoint became the servicer of

3

debtor's loan on April 1, 2001, which was obviously during the pendency of the debtor's bankruptcy case.

When Greenpoint's assets were sold to Green Tree in October, 2004, one of the assets included in the transaction was the debtor's loan. Green Tree contends that it did not assume Greenpoint's liabilities, and that it had no notice of the debtor's bankruptcy filing.

V.

This court is of the opinion that this adversary proceeding is replete with numerous material factual issues that remain in dispute. The debtor contends that the asset purchase agreement between Greenpoint and Green Tree included a provision that Green Tree would assume certain liabilities as a part of the purchase, including liabilities arising as a result of performance under the contracts transferred.

Because the asset purchase agreement provides for the transfer of employee records, buildings, and accounts, the debtor also contends that the transaction may well have been a de facto merger or merely a continuation of Greenpoint's business. If established by the evidence, this would be considered as one of the four exceptions to the general rule against successor liability for the acts and omissions of prior servicers. *See, Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 174 (5th Cir.). The possible existence of one of the four exceptions to the aforesaid general rule involves disputed factual issues between the parties that mandates the denial of Green Tree's motion for summary judgment.

The debtor's payment history and the methodology of payment application employed by Green Tree and/or its predecessor literally begs for an evidentiary hearing. As such, Green Tree is not entitled to a judgment as a matter of law.

4

A separate order will be entered consistent with this opinion contemporaneously herewith.

This the 24th day of September, 2009.

/s/ David W. Houston, III
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE